IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD ALEX MEADE,

Petitioner,

v.

Case No. 15-mc-61-pp

JOE CHIARELLO, EDWARD WALL,
and BRAD SCHIMEL,

Respondents.

**AMENDED ORDER DENYING MOTION FOR EXTENSION OF TIME (DKT. NO. 1)**

On November 12, 2015, Edward Alex Meade, representing himself, filed a motion for extension of time to file a petition for writ of *habeas corpus*. Dkt. No. 1. The movant asserted that the one-year deadline for filing a writ of *habeas corpus* would pass on November 17, 2015, and asked the court to grant him a ninety-day extension. Id. On November 17, 2015, the court denied that request. Dkt. No. 2. In that November 17 order, however, the court miscalculated when the movant's deadline for filing a petition would expire.

On February 18, 2013, the petitioner filed a petition writ of *habeas corpus*. See Meade v. Smith, Case No. 13-cv-177-JPS (E.D. Wis.). The court reviewed the petition and ordered the petitioner to submit documentation proving that he had exhausted his state court remedies. Dkt. No. 5. Instead of submitting that documentation, the petitioner filed a notice of voluntary dismissal, "withdraw[ing] [his] previously submitted habeas claims," so that he

1

could "present them to the State Courts to be further examined." Dkt. No. 6. The clerk's office closed that case on March 28, 2013.

A review of the docket in the movant's state case shows that on November 17, 2014, the Wisconsin Supreme Court denied the movant's petition for review. See State v. Meade, Case No. 2009CF227, available at https://wcca.wicourts.gov. A person in custody has one year to file a petition for *habeas corpus* in federal court, and that one year begins to "run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).

In its previous order, the court incorrectly calculated the one-year statute of limitations from a start date of November 17, 2014. Dkt. No. 2 at 2. The court failed to calculate, however, that the movant had an additional ninety (90) days to seek from the United States Supreme Court review of the November 17, 2014 decision. Sup. Ct. R. 13. The movant did not seek review from the United States Supreme Court. Therefore, his one year to file a petition for *habeas* relief with this court began to run ninety days from November 17, 2014—that is, on Monday February 16, 2015. As a result, the movant has until Tuesday, February 17, 2016 to file a petition for *habeas* relief in federal court.

This means that the movant prematurely filed his motion for an extension of time to file a petition. This also means that the court erred in denying his motion because he'd filed it too late—the court should have denied the motion because he filed it too *early*.

2

Case 2:15-mc-00061-PP   Filed 12/02/15   Page 2 of 3   Document 3

The court notes, however, that if the movant misses his future deadline, it will consider the same factors for tolling that it considered in its previous order. The court reminds the petitioner that extensions occur only in rare cases, and it encourages the movant to make a timely filing if he wishes to pursue a *habeas* claim in the future.

The court **DENIES** Edward Alex Meade's motion for extension of time (Dkt. No. 1), because the time has not yet expired for him to file a petition for *habeas corpus*.

Dated in Milwaukee, Wisconsin this 2nd day of December, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge